UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LYNN E. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20 CV 405 CDP |
| | ) | |
| ANDREW M. SAUL, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Commissioner of Social

Security's motion to dismiss plaintiff Lynn E. Hunter's complaint as untimely filed.

Hunter, who proceeds *pro se*, has not filed a response to the motion, and the time to

do so has passed.

On May 31, 2019, an administrative law judge (ALJ) issued a decision under

Title II of the Social Security Act finding that Hunter was overpaid benefits and was

at fault in causing the overpayments; that the Social Security Administration's

recovery of the overpayments was not waived; and that Hunter was liable for

repayment. (Tr. 93-98.) On October 25, 2019, the Appeals Council denied

Hunter's request for review (Tr. 84-87), making the ALJ's decision the final

decision of the Commissioner.

By statute, an individual may seek judicial review of the Commissioner's

final decision by filing a civil action "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner . . . may allow." 42 U.S.C. § 405(g). The notice of denial sent by the Appeals Council here informed Hunter that she could file a civil action within sixty days from the date she received the Appeals Council notice, which was deemed to be five days after mailing. (Tr. 85.) *See* 20 C.F.R. § 422.210(c) ("[T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."). Accordingly, in order to be timely filed, Hunter's complaint seeking judicial review was due no later than sixty days after October 30, 2019, that is, not later than December 30, 2019. Hunter filed her complaint on March 17, 2020.

The 60-day period specified in § 405(g) is a period of limitation that will bar a civil action unless it is tolled. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328, n.9 (1976); *Wienberger v. Salfi*, 422 U.S. 749, 764 (1975)). "Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).

> The Eighth Circuit has allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where circumstances involve conduct (by someone other than the claimant) that is misleading or fraudulent such as where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

*Jackson v. Berryhill*, No. 4:17-CV-2587 PLC, 2018 WL 3546772, at *2 (E.D. Mo. July 24, 2018) (internal quotation marks and citation omitted); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). "The Eighth Circuit is 'much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights.'" *Id.* (quoting *Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir. 1994)) (alteration in *Jackson*).

Hunter has not responded to the Commissioner's motion to dismiss and thus presents no basis for equitable tolling of the 60-day limitations period. Nor does any basis for tolling appear on the face of her *pro se* complaint. The complaint, therefore, is untimely filed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Commissioner of Social Security's motion to dismiss [26] is **GRANTED**.

A separate Order of Dismissal is entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2021.